**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**UNITED STATES OF AMERICA,**

                                             : 3:23 CR 201 (KAD)

**V.**

**Gregory Butts**                              : April 10, 2024

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

On January 17, 2025, the Defendant pled guilty to Possession of Child Pornography, in violation of 18 USC Sections 2252A(a)(5)(B) and 252A(b)(2).

The defendant agrees with probation's guidelines calculations. A criminal history level V and an offense level of forty-one results in a guidelines range of 360 months -life. Since the statutory maximum sentence is 20 years, the defendant's guidelines range is 240 months.

### Acceptance of Responsibility and Obstruction of Justice

The defendant had accepted responsibility for his actions on several occasions. During his plea, and PSR interview. In his discussion with Probation, Mr. Butts clearly, consistently, and remorsefully acknowledged his guilt, and the damage that his actions caused. PSR, Paras 1, 4, 39 and 40.

There is no indication that the defendant had obstructed justice. PSR para 38.

As noted in the PSR, and documented in the plea agreement, the defendant is not seeking a non-guidelines sentence, departure or any adjustment or modification to the calculated guidelines range.

1. <u>**Request for federal and anticipated state sentence to be run concurrent.**</u>

The defendant requests that the court run the federal sentence concurrent to the Defendant's anticipated state court sentence in the Connecticut Superior Court, New London Judicial District.

The government has agreed to recommend that the federal sentence be run concurrent to the state sentence

"When a defendant was in primary state custody at the time his or her federal sentence was imposed, the BOP must determine whether the district court intended the federal sentence to run concurrently with, or consecutively to, the **state sentence**." <u>US v Pena</u>, 2023 US Dist LEXIS 112166 (Dist CT, Arterton J, 3:18CR 198 (JBA) (internal citations omitted.)

The defendant was arrested on a violation of probation on March 4, 2022, and charged with violating his state probation. A $200,000 bond was set, and he was held in state custody.

Subsequently, on May 18, 2022, he was charged with voyeurism with malice in state court and he was held on a $50,000 bond, these charges are pending with a court date of May 13, 2025.

On October 31, 2022, he was arrested on a state court warrant and charged with possession of child pornography on the first degree and held on a $100 bond to receive jail credit, these charges are pending with a court date of May 13, 2025.

On July 15, 2022, the defendant appeared in federal court, consented to detention.

Mr. Butts remains in <u>primary state custody</u>. PSR page 1.

The defendant has entered an admission to violating probation, KNL - CR15-0127403-T, and is scheduled to be sentenced to twelve years on 5/13/2025.

Pursuant to USSG Section 5G1.3 (c ) a federal sentence may be run concurrent to an anticipated state sentence provided that the state offense is relevant conduct to the federal offense.   This criteria is advisory and the court may impose a concurrent sentence even if the 5G1.3 (c ) criteria are not met. <u>United States v. Cannon,</u> 2025 U.S. App. LEXIS 1452, *<u>3</u> (2d Cir 2025).

The application notes reflect that Subsection (c) of 5G1.3 applies to cases in which the federal court anticipates that, after the federal sentence is imposed, the defendant will be sentenced in state court and serve a state sentence before being transferred to federal custody for federal imprisonment. In such a case, where the other offense is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

The federal charges stem from a search conducted by the defendant's State probation officer. During a probation search several electronic devices were seized which included child pornography and the images of the subject of his voyeurism charge.

Further, Mr. Butts is subject to an additional criminal history point because he committed the instant deferral offense while he was under the state court

probation reference above, which he admitted to violating. US v. Olmeda, 894 F.3d 89, 90 (2d Cir. 2018) (applied Section 5G1.3(c ) to state pending charges and authorizing a concurrent sentence). US v Setser, (District courts retained discretion to order that a federal sentence run consecutively (or concurrently) "where a federal judge anticipates a **state sentence** that has not yet been imposed. 566 U.S. 231, 236-37 (2012),.US v. Cannon, 2025 US App LEXIS 1452, (2d Cir 2025) (procedural error for court not to consider 5G1.3 (c))..

2. Request for designation of Macdougall CI, a state facility.

Mr. Butts is requesting that the court designate the Connecticut Department of Corrections, as the designated place of imprisonment.

The State of Connecticut has "primary custody over Mr. Butts.

Pursuant to 18 USC 3621 (b), the BOP may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence—

>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>   (B) recommending a type of penal or correctional facility as appropriate; and
>
>   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Bureau of Prisons Program Statement 5160.05 notes that when a federal judge imposes a federal sentence concurrent with the state sentence already imposed, the Bureau of Prisons ordinarily designates the state facility as the place to serve the federal sentence. 5160.05, Section 7c. The statement further states that '[c]oncurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for selecting the non-federal institution is that primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence. CONCURRENT SERVICE OF FEDERAL AND STATE SENTENCES Id. at 4, Section 9a.

Additionally, PS 5160.05 provides guidance to a sentencing court to effectuate the goals of the imposition of concurrent sentences and the recommendation of a non-federal designation.

Courts have previously designated a state facility as the facility where a federal sentence will be served and may make state court facility recommendations to the BOP. United States v. Staton, 2020 U.S. Dist. LEXIS 177825, *2 (D. Conn. 2020, J. Shea) (CT DOC designated).United States v. Fernandez, 2023 U.S. Dist. LEXIS 206038, *12, (SDNY 2023, Preska, J)

### **3.** **_Credit for pretrial detention prior to the imposition of sentence._**

A defendant may receive credit toward a sentence if he held in official detention prior to the commencement of the sentence "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.  18 USC Section 3585.

Since the defendant has not been sentenced in his state court matter the pretrial detention has not been credited towards his sentence, and therefore he should be eligible to receive credit for his pretrial custody.

                THE DEFENDANT

                    /s/   Robert Berke

By: _____
      Robert Berke
      640 Clinton Avenue
      Bridgeport, CT  06605
      203 332-6000
      203 332-0661
      Fed Bar No. CT 22117
      robertberke@optonline.net

## **CERTIFICATION**

I hereby certify that on the date above a copy of the foregoing was filed electronically to the below listed counsel and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.

/s/ Robert Berke
_____
Robert Berke